UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

THOMAS E. MCGEE (deceased),                    Case No. DK 19-04699
                                               Chapter 13
          Debtor.                              Hon. Scott W. Dales

————————————————————————/

## MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

Approximately two months after the court confirmed the chapter 13 plan of debtor Thomas E. McGee, Mr. McGee died.  This prompted the chapter 13 trustee, Barbara P. Foley, Esq. (the "Trustee"), to move for dismissal.  At the dismissal hearing, Mr. Van Elk, who represented Mr. McGee in connection with this case, reported that the chapter 13 proceeding permitted his client to remain at home as he battled a terminal illness.

The Trustee's dismissal motion drew no objection and the court dismissed the case on August 28, 2020.  Shortly after dismissal, attorney Paul F. Davidoff, Esq., filed a notice entitled "Substitution of Counsel" (ECF No. 35, the "Notice of Substitution") ostensibly to appear *in lieu* of Mr. Van Elk as Mr. McGee's counsel, "pursuant to the request of Amanda Brown, the daughter of the deceased Debtor . . ."  Mr. Davidoff also submitted a proposed order approving his substitution as attorney for the deceased debtor.  The court set the Notice of Substitution for a hearing, which it held by telephone on September 25, 2020.  The Trustee appeared at the hearing, through counsel, but Mr. Davidoff did not.  The court notes that Mr. Davidoff has also filed a motion to set aside the dismissal, but that motion has not yet been set for hearing.

The court conducted the hearing on the Notice of Substitution, rather than simply approving the substitution, because it harbors doubts about a lawyer's authority to continue representing a deceased client after learning of the death -- doubts the Trustee's counsel also expressed during the hearing.

In Michigan, and elsewhere, attorneys are agents for their clients (the principals) and the relationship is governed to a considerable extent by agency law. *See Nelson v. Consumers Power Co.,* 497 N.W.2d 205 (Mich. App. 1993) (applying principles of agency law in the attorney-client context). The law in Michigan is "well-settled that the death of the principal revokes the authority of the agent, unless the agency is coupled with an interest." *In re Estate of Capuzzi*, 684 N.W.2d 677, 679 (Mich. 2004); *Henritzy v. Gen. Elec. Co.*, 451 N.W.2d 558, 561 (Mich. App. 1990) ("the rule in Michigan is that the authority of an attorney is revoked when the attorney-client relationship is terminated when the client dies"). The court is aware of no coupled interest in this case and sees no federal reason why the state law on this point should not govern this civil proceeding. 28 U.S.C. § 1652 (Rules of Decision Act).[1]

Here, after Mr. Van Elk learned of Mr. McGee's death, Mr. Van Elk's actual and apparent authority to represent Mr. McGee ended. Therefore, the court sees no point in Mr. Davidoff's proposed substitution in Mr. Van Elk's stead.

The Notice of Substitution makes clear that Mr. Davidoff is seeking to represent Mr. McGee (the debtor), albeit at the request of the decedent's daughter, Ms. Brown, but there is no showing that Ms. Brown is the duly authorized representative of her father's probate estate. As

---

[1] The Bankruptcy Code defines "attorney," perhaps tautologically, as "attorney, professional law association, corporation, or partnership, *authorized under applicable law* to practice law." 11 U.S.C. § 101(4) (emphasis added). The court regards the law of Michigan as applicable because Mr. Davidoff is licensed to practice law in Michigan and his putative clients reside (or resided) here. *See also Humboldt B.V. v. Lornic Design, Inc.*, Slip Op., Case No. 1:17-cv-983, 2019 WL 4931369, *2 (W.D. Mich. July 23, 2019) (applying Michigan Rules of Professional Conduct ("MRPC") to disqualification motion after amendment to W.D. Mich. LCivR 83.1 eliminated adherence to MRPC as condition of admission to practice in the district).

Judge Shefferly recently observed in a similar context, "to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters." *In re Sanford*, Case No. 15-51166, 2020 WL 5105181, at *4 n. 2 (Bankr. E.D. Mich. Aug. 28, 2020) (citing M.C.L. § 700.3103 and granting personal representative's motion for hardship discharge after chapter 13 debtors died).   If Ms. Brown or another person is appointed as Mr. McGee's personal representative, the court would certainly consider substituting the personal representative for the decedent, as the court did in *Sanford*, but it would not be necessary or sufficient to substitute Mr. Davidoff for Mr. Van Elk under the circumstances.  Because swapping one unauthorized "agent" for another would serve no purpose, the court will reject the proposed substitution, albeit without prejudice to the possible substitution of Mr. McGee's duly appointed representative.

NOW, THEREFORE, IT IS HEREBY ORDERED that the proposed substitution is REJECTED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Paul F. Davidoff, Esq., Barbara P. Foley, Esq., John M. Van Elk, Esq., the United States Trustee, and Amanda Brown.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 28, 2020**



Scott W. Dales
United States Bankruptcy Judge