UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

THOMAS E. MCGEE (deceased),                    Case No. DK 19-04699
                                                     Chapter 13
        Debtor.                            Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

Amanda Brown, the daughter of deceased chapter 13 debtor Thomas E. McGee, filed a Motion to Reinstate Chapter 13 Case (ECF No. 37, the "Motion") within 14 days of the court's text order dismissing her father's case (ECF No. 33). Chapter 13 trustee Barbara P. Foley, Esq., (the "Trustee") filed an objection to the Motion, and the court set the matter for hearing which took place (by telephone) on October 29, 2020, due to the public health emergency.

At the hearing, Ms. Brown reported that the St. Joseph County Probate Court has appointed her as her deceased father's personal representative. She also stated that the first mortgagee has scheduled a foreclosure sale regarding her father's (and her) residence for November 12, 2020, and that she intends through her Motion to vacate the dismissal order and reinstate the automatic stay. She asks the court to forestall foreclosure and permit her to resume making payments under the confirmed plan.

After a discussion with counsel on the record, the court agreed to permit Ms. Brown to file an amended motion "(i) reflecting and documenting her authority to represent her deceased father as personal representative or in a similar capacity; and (ii) addressing the court's concerns under Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 1016." *See* Scheduling Order dated Oct. 29, 2020

(ECF No. 46).[1]  Ms. Brown timely amended her motion and served it as ordered. *See* Amended Motion to Reinstate Chapter 13 Case (ECF No. 47, and with the original Motion, hereinafter the "Amended Motion").

The Amended Motion addressed the court's concerns under Rule 1016 by arguing that permitting her to continue making payments under the confirmed plan (and curing any arrearages) is in the best interest of the creditors.[2] As for the court's concerns under Rule 59, Ms. Brown made a passing reference to Rule 60(b)(6).

Although the Trustee and interested parties had time to respond to the Amended Motion, no one opposed the relief requested.  From their silence, the court could infer, for example, that the junior mortgagee, whose lien would be wiped out through the senior mortgagee's foreclosure, would prefer to receive payments as an unsecured creditor under the chapter 13 plan rather than gamble with an informal probate proceeding.  The court might also infer that the senior mortgagee is willing to accept payments under the plan, albeit payments from Ms. Brown's resources, rather than take another residential property into its inventory through foreclosure, with the attendant costs and risks associated with the statutory redemption period.  If any creditors opposed the relief request in the Amended Motion, they certainly had an opportunity to be heard.

Ms. Brown did not attempt to bring the Amended Motion within the ambit of Rule 59, as the court directed, but instead relied on the catchall provision of Rule 60(b)(6). Although the court recognizes that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances

---

[1] The court will refer to any Federal Rule of Bankruptcy Procedure or Federal Rule of Civil Procedure simply as "Rule ___," relying on the numbering convention for each set of rules to signal the intended reference. In addition, unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] The court notes, as Judge Shefferly recently did, that Rule 1016 does not concern itself with the interests of a deceased debtor or his heirs.  *In re Sanford*, 619 B.R. 380 (Bankr. E.D. Mich. 2020).

which are not addressed by the first five numbered clauses of the Rule," *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991), in the absence of objection the court accepts Ms. Brown's argument.[3]   We are, after all, enduring a pandemic with worsening rates of infection, and the post-foreclosure occupancy of the debtor's residence by Ms. Brown and her family is by no means assured.

Given the prompt filing of the Motion, which suspends the finality of the dismissal order in some respects, *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020), the court's discretion under Rule 59, and the principle of party presentation, the court will grant the Amended Motion, vacate the dismissal order, and reinstate the automatic stay under § 362(a).

In making this decision, the court is not substituting Ms. Brown (in her individual capacity) as the debtor in her father's case but simply deciding, at the behest of the debtor's personal representative, that circumstances warrant relief from the dismissal order.   The court has also concluded that "further administration is possible and in the best interest of the parties" within the meaning of Rule 1016.   Many of the rights of a debtor that are personal to a debtor may not survive Mr. McGee's death and may not be available to Ms. Brown as personal representative during the continued administration of the case. Throughout the remaining term of the chapter 13 plan, the interests of creditors will be paramount. Finally, nothing in today's decision precludes the Trustee from renewing her dismissal motion if the plan defaults persist.

---

[3] Earlier this year the Supreme Court reminded the lower courts that "in both civil and criminal cases, in the first instance and on appeal ..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Amended Motion (ECF Nos. 37 and 47) is GRANTED, the text order of dismissal (ECF No. 33) is VACATED, and the automatic stay is REINSTATED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Paul F. Davidoff, Esq., Barbara P. Foley, Esq., John M. Van Elk, Esq., all creditors included on the mailing matrix, the United States Trustee, and Amanda Brown.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 10, 2020**



Scott W. Dales
United States Bankruptcy Judge